IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | Case No. 05-93833-H5-13 | |
| REGINALD BESS § | | |
|    Debtor § | Chapter 13 | |
| In re: § | | |
| REGINALD BESS § | | |
|    Plaintiff § | | |
| vs. § | Adversary No. _____ | |
| § | | |
| GNMA C/O OFORI LENDER SERVICES § | | |
|    Defendant § | | |

### COMPLAINT FOR DETERMINATION OF LIEN STATUS AND RELEASE OF LIEN

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

Reginald Bess, ("Plaintiff"), in filing this Complaint for Determination of Lien Status and Release of Lien against GNMA c/o Ofori Lender Services, ("Defendant") would show the Court as follows:

1.    The Plaintiff filed the above entitled and numbered Chapter 13 bankruptcy case, pursuant to 11 U.S.C. §301, on October 15, 2005.  Plaintiff is properly a Plaintiff to this Complaint as a result of his bankruptcy filing.

### JURISDICTION/CORE PROCEEDING

2.    The Court has jurisdiction to consider the claims of this Complaint for Damages related to contempt and sanctions for violation of the automatic stay pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C), (E) and (G). Plaintiff brings this Complaint pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, Rule 9006 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 105, 11 U.S.C. § 301, 11 U.S.C. § 362, 11 U.S.C. § 522, 11 U.S.C. § 541, 11 U.S.C. § 542, 11 U.S.C. § 1303, and 11 U.S.C. § 1322.

### DEFENDANT SERVICE

3.    The Defendant, GNMA c/o Ofori Lender Services, is a creditor in Plaintiff's Chapter 13 bankruptcy case. Plaintiff has been unable to locate a registered agent for Defendant.  As a result,

Defendant may be served through the Secretary of State of the State of Texas at P.O. Box 12079, Austin, TX 788711-2079. Defendant's address provided in the proof of claim filed by Defendant is P.O. Box 40879, Raleigh, NC 27629-0879.

## BACKGROUND/FACTS

4. Plaintiff commenced his Chapter 13 bankruptcy by the filing of a voluntary Chapter 13 petition on October 15, 2005, pursuant to 11 U.S.C. § 301. The filing of Plaintiff's Chapter 13 petition constituted an order for relief under 11 U.S.C. § 301. Plaintiff's plan was confirmed on March 14, 2006.

5. Plaintiff's debt to Defendant represents a consumer debt. The debt is allegedly secured by a security interest and lien on a 16' x 76' mobile home, serial number TXFLP12A70103FD, which is a Festival model mobile home manufactured by Fleetwood Homes of Texas, Inc. ("Mobile Home"). Plaintiff's Mobile Home is property of the estate pursuant to 11 U.S.C. § 1306.

6. Defendant filed a secured proof of claim in the amount of $5,177.21 on February 7, 2008. The bar date for filing proofs of claim was April 18, 2006. Defendant's proof of claim was filed long after the bar date.

7. The Mobile Home has no value to the Defendant. The confirmed plan of the Debtor established the value of the Mobile Home at $4,000. A superior lien on the Mobile Home exists pursuant to a timely claim filed by the Brazoria County Tax Assessor in the amount of $6,287.87. The ad valorem tax claim has priority over the claim of Defendant.

## RELEASE OF LIEN

8. Based on the filed and allowed claim of Brazoria County Tax Assessor for $6,287.87 and the value of the Mobile Home established by the confirmed plan at $4,000, there is no value or equity to Defendant. Under case law of the Fifth Circuit, the lien may be removed and released and the claim of Defendant treated as an unsecured claim. Even if Defendant's proof of claim had been filed on time, a superior tax lien exists on the Mobile Home and the results would be identical.

9. Due to the fact that the tax lien held by the Brazoria County Tax Assessor exceeds the value of the Mobile Home, Defendant has no valid security interest in the Mobile Home.

WHEREFORE, Plaintiff prays that this Court will:

1. Remove the Defendant's lien on the Mobile Home.

2. Find that Plaintiff's debt to Defendant is unsecured.

3. Award Plaintiff any other relief or monetary damages to which he may be entitled under equity or law.

        Respectfully submitted,

        /s/ Reese W. Baker
        _____
        Reese W. Baker
        TX Bar No. 01587700
        5151 Katy Freeway, Suite 200
        Houston, TX 77007
        713-869-9200
        713-869-9100 (Fax)
        ATTORNEY FOR PLAINTIFF